# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-17480 MER |
| DONALD G. KELIN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

## TRUSTEE'S MOTION TO APPROVE SALE AND TRANSFER OF ESTATE'S INTEREST IN CADDO DESIGNS, INC. FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS

Jeffrey A. Weinman, Chapter 7 Trustee (the "Trustee") in the above-captioned case, through his undersigned counsel, for his Motion to Approve Sale and Transfer of Estate's Interest In Caddo Design, Inc. Free and Clear of Liens, Claims, and Interests (this "Motion"), states as follows:

### BACKGROUND

1.  On July 6, 2015 (the "Petition Date"), Donald G. Kelin (the "Debtor") filed his voluntary petition for relief under Chapter 7 of title 11, U.S.C. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado (this "Court"), commencing bankruptcy case number 15-17480 MER.

2.  The Debtor owns a 100% interest in Caddo Designs, Inc. ("Caddo"). Caddo is a debtor in Chapter 11 Case No. 14-23098 MER, also pending in this Court (the "Caddo Case").

3.  The Caddo Case was commenced on September 24, 2014. On August 18, 2015, Caddo and the Debtor filed their proposed Joint Plan of Reorganization Dated August 18, 2015 (the "Plan"). The Trustee filed his limited objection to confirmation of the Caddo Plan on December 30, 2015.

4. The Trustee has evaluated the Debtor's interest in Caddo, the terms of Caddo's Plan, and issues related to liquidating the estate's interest in Caddo for the benefit of creditors in the Debtor's bankruptcy case. The Trustee initially agreed to sell and transfer the Caddo interest to the Debtor for $3,000, payable over 12 months. *See* Dkt. #35 and #36. Before entry of an order approving that compromise related to this case and the Caddo Case, however, creditor J. Thayer Company ("Thayer"), filed its Response to Trustee's Motion to Approve Settlement Agreement and Notice of Higher and Better Offer. Dkt. #43. Thayer was willing to pay the Trustee $7,000 cash for the interests in Caddo; the Trustee thus withdrew the pending motion to approve the transaction with the Debtor given the competing offer.

5. The Trustee subsequently discussed the Caddo interest with Thayer, and again with counsel for the Debtor, and counsel for Caddo. As a product of those discussions, the Trustee has agreed to sell and convey the Debtor's estate's interest in Caddo, which the Trustee believes is 100% of the equity of Caddo per the Debtor's Schedule B, item 13 [Dkt. No. 1] (and Thayer is relying on same being true in entering into this agreement), to Thayer, or its designee, for $10,000 cash.

6. Through this Motion, the Trustee requests approval of the sale and transfer of the estate's interest in Caddo to Thayer, or its designee, for $10,000, free and clear of liens, claims, and interests, pursuant to 11 U.S.C. § 363(b) and (f).

## ARGUMENT AND AUTHORITY

7. Approval of a sale of property pursuant to Section 363 is warranted where there exists a "sound business reason." *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). "In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of

2

factors, which essentially represent a 'business judgment test.'" *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999).

8. Factors bearing on whether a sound business reason or purpose supports a proposed sale of estate property include (where applicable):

> (1) the proportionate value of the asset to the estate as a whole; (2) the amount of elapsed time since the filing; (3) the likelihood that a plan of reorganization will be proposed and confirmed in the near future; (4) the effect of the proposed disposition on the future plans of reorganization; (5) the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property; (6) which of the alternatives of use, sale or least the proposal envisions; and (7) most importantly perhaps, whether the asset is increasing or decreasing in value.

*In re Medical Software Solutions*, 286 B.R. 431, 441 (Bankr. D. Utah 2002) (quoting *Lionel*, 722 F.2d at 1071) (emphasis omitted). "[T]he bankruptcy court has considerable discretion" in evaluating and approving a proposed transfer other than in the ordinary course of business under Section 363(b). *Montgomery Ward*, 242 B.R. at 153; *see Moldo v. Clark (In re Clark)*, 266 B.R. 163, 168 (B.A.P. 9th Cir. 2001) (recognizing that "[r]ulings on motions to sell property of the estate other than in the ordinary course of business pursuant to section 363 are reviewed for abuse of discretion").

9. The Trustee believes that the estate's interest in Caddo is not encumbered. But a free and clear sale is appropriate under Section 363(f)(2) if the holder of a purported interest in the property consents. Case law also suggests that a party's consent to a free and clear transfer under Section 363(f)(2) may be implied and that an interest holder's failure to object, after due notice and an opportunity, qualifies as consent for purposes of a free and clear transfer. *See, e.g., Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345-46 (E.D. Pa. 1988);

3

*Hargrave v. Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994); *cf. In re DeCelis*, 349 B.R. 465, 469 (Bankr. E.D. Va. 2006). A free and clear sale is also appropriate where the sale price will exceed the amount of all liens on the property. 11 U.S.C. § 363(f)(3).

10. Here, the Trustee will sell the Caddo interest to Thayer (or its designee) free and clear and all alleged liens, claims, and encumbrances shall attach to the proceeds of the sale with the same validity, priority, force and effect as they are attached to the Caddo interest.

11. Overall, the Trustee believes that a sale of the estate's interest in Caddo, free and clear of liens, claims and interests, will maximize value for all creditors of the Debtor's bankruptcy estate as the proposed purchase price is higher and better than any other offer that the Trustee has received. In addition, Thayer proposes to pay the money all at once as opposed to over a year like the Debtor. In the exercise of business judgment, the Trustee believes that the sale and conveyance of the estate's interest in Caddo to Thayer is reasonable, necessary, and in the best interest of the estate. The Trustee has evaluated Caddo and its separate Chapter 11 case and does not believe that liquidation of Caddo would result in any return for this estate's equity interest in the company.

12. Although the issues between the Debtor, Caddo, and Thayer are contested in the Caddo Case (and in this case), the Trustee believes that Thayer is proceeding in good faith under applicable law. The Trustee is aware of no fraud, collusion, or grossly unfair advantage in the process of negotiating the transaction with Thayer. And to the extent that Thayer may be seeking an advantage in the Caddo Case through acquiring the Caddo interests, the negotiations concerning the sale from this estate to Thayer have been at arm's length and transparent with the only other competing bidder – the Debtor.

WHEREFORE, the Trustee respectfully requests entry of an order granting this Motion, approving the sale and transfer of the estate's interest in Caddo Designs, Inc. to J. Thayer Company or its designee, and for such other relief as deemed appropriate.

Dated this 11th day of January, 2016.

        **LINDQUIST & VENNUM LLP**

        By: */s/ Theodore J. Hartl*
            Theodore J. Hartl, #32409
        600 17th Street, Suite 1800 South
        Denver, CO, 80202-5441
        Telephone:  (303) 573-5900
        Facsimile:  (303) 573-1956
        E-mail:  thartl@lindquist.com

        *Counsel for Jeffrey A. Weinman, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2016, a true and correct copy of the foregoing **TRUSTEE'S MOTION TO APPROVE SALE AND TRANSFER OF ESTATE'S INTEREST IN CADDO DESIGNS, INC. FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS** was deposited in the U.S. Mail, first class postage prepaid, addressed to the parties on the attached list:

                      */s/ Brandon Blessing*
                      Brandon Blessing

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 15-17480-MER<br>District of Colorado<br>Denver<br>Mon Jan 11 16:21:03 MST 2016 | William J. Barrett<br>333 Wacker<br>Suite 2700<br>Chicago, IL 60606-2872 | Capital One<br>PO Box 30253<br>Salt Lake City, UT 84130-0253 |
| Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Capital One N.A.<br>Ascension Capital Group<br>P.O. Box 165028<br>Irving, TX 75016-5028 | Chase<br>Cardmember Services<br>PO Box 15123<br>Wilmington, DE  19850-5123 |
| Chase Auto Finance<br>PO Box 78067<br>Phoenix, AZ 85062-8067 | Colorado Department of Revenue<br>1375 Sherman St Rm 504<br>Denver CO 80261-2200 | Corporate Graphics Commercial<br>1750 Northway Dr.<br>North Makato, MN 56003-2700 |
| Great American Financial Services Corp.<br>PO Box 660831<br>Dallas, TX 75266-0831 | Great Western Bank<br>PO Box 877<br>Watertown, SD 57201-0877 | HON Company<br>PO Box 404422<br>Atlanta, GA 30384-4422 |
| Theodore J. Hartl<br>600 17th St.<br>Suite 1800 South<br>Denver, CO 80202-5402 | Humanscale<br>15815 Collections Center Dr.<br>Chicago, IL 60693-0158 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 |
| J. Thayer Company<br>c/o Kevin S. Neiman, Esq.<br>Law Offices of Kevin S. Neiman, pc<br>1621 18th St. Ste. 260<br>Denver, CO 80202-1267 | John Thayer Company<br>15802 SW Upper Boones Ferry Rd.<br>Lake Oswego, OR 97035-4066 | Donald G. Kelin<br>531 St. Paul<br>Denver, CO 80206-4338 |
| LC Industry<br>PO Box 601174<br>Charlotte, NC 28260-1174 | Lasership<br>PO Box 406420<br>Atlanta, GA 30384-6420 | Mitel Leasing<br>PO Box 972629<br>Dallas, TX 75397-2629 |
| Navitor, Inc.<br>1625 Roe Crest Dr.<br>North Mankota, MN 56003-2659 | Kevin S. Neiman<br>1621 18th St.<br>Ste. 260<br>Denver, CO 80202-1267 | Nevada Color Litho<br>4151 N. Pecos Rd, #203<br>Las Vegas, NV 89115-0189 |
| On Deck<br>1400 Broadway, 25th Floor<br>New York, NY 10018-5225 | Pitney Bowes<br>PO Box 371887<br>Pittsburg, PA 15250-7887 | Purchase Power<br>PO Box 371874<br>Pittsburg, PA 15250-7874 |
| Reality Technology<br>2444 Washington, Suite 201<br>Denver, CO 80205-3145 | S.P. Richards Company<br>c/o William J. Barrett<br>Barack Ferrazzano Kirschbaum & Nagelberg<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois 60606-3459 | SP Richards<br>PO Box 1266<br>Smyrna, GA 30081-1266 |

| | | |
|---|---|---|
| Spaceco<br>17650 East 32nd Pl., Ste. 10A<br>Aurora, CO 80011-3304 | State Of Colorado<br>Colorado Department Of Revenue<br>1375 Sherman Street<br>Denver, CO 80261-2200 | TransLease Inc<br>PO BOX 16464<br>DENVER, CO 80216-0464 |
| US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-1961 | VIA<br>PO Box 749822<br>Los Angeles, CA 90074-9822 | David Warner<br>1660 Lincoln St.<br>Ste. 2200<br>Denver, CO 80264-2202 |
| Jeffrey A. Weinman<br>730 17th St.<br>Ste. 240<br>Denver, CO 80202-3506 | Wells Fargo Bank<br>PO Box 5190<br>Sioux Falls, SD 57117-5190 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)J. Thayer Company | (u)S.P. Richards Co. | End of Label Matrix<br>Mailable recipients     37<br>Bypassed recipients      2<br>Total                    39 |